## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **RAMPWERKS, LLC** | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 2:24-cv-245** |
| **v.** | § | |
| | § | |
| **RECREATIONAL EQUIPMENT,** | § | **JURY TRIAL REQUESTED** |
| **INC.,** | § | |
| | § | |
| **Defendant.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Recreational Equipment, Inc. ("REI") sells specialty chainrings for high-performance bicycles and bicycles featuring specialty chainrings that infringe several patents owned by RampWerks. RampWerks files this suit for infringement of U.S. Patent Nos. 8,506,436, 10,677,338, and 11,460,099 and seeks redress for the damage it has suffered as a result of the REI's infringement.

### PARTIES

1.      Plaintiff and patent owner RampWerks, LLC is a limited liability corporation formed under the laws of Texas with a principal place of business at 6900 North Dallas Freeway, 3rd floor, Plano, TX 75024.

2.      On information and belief, REI is a corporation organized under the laws of the State of Washington and maintains several places of business in this judicial district. REI may be served through its registered agent, Corporate Creations Network Inc., 5444

Westheimer #1000, Houston, Texas 77056.

3.      REI sells products that infringe RampWerks patents through the REI Bike Shop at 2424 Preston Road, Plano, Texas 75093.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

6.      This Court has personal jurisdiction over the Defendant under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial district, including: (a) at least part of its infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendant markets, sells, and delivers accused products in this district, directs and instructs customers and end users how to how to use the accused products in this district, and has committed acts of infringement in this district.

8.      Venue is proper in this judicial district because REI maintains established places of business and has committed acts of infringement in the Eastern District of Texas.

9.      REI sells, delivers, offers to sell, demonstrates, and provides instruction for using infringing products to residents of the district through REI's website and retail

stores.

10.     RampWerks, LLC has suffered damages in this district due to REI's infringing conduct.

## ACCUSED PRODUCTS

11.     REI has marketed and sold and markets and sells various models of crankset chainrings that practice one or more claims of the asserted RampWerks patents including, without limitation, the absoluteBlack Premium OVAL Road 110/5 BCD Chainring, Premium OVAL Road 110/4 BCD 2X chainring, FSA Omega Adventure MegaExo Crankset, FSA Pro Road Double Chainring, FSA SL-K Light ABS BB386EVO Crankset, FSA Gossamer Pro BB386EVO Crankset, and Cannondale Synapse 105 bicycle featuring the FSA Gossamer Alloy, BB30 50/34t crankset, Cannondale Synapse 105 Carbon Bicycle, Synapse AL Disc Tiagra; Synapse Tiagra, Cannondale Quick Disc 1 Bike and Quick 1 Bike; CAAD13 105 Bicycle, Cannondale SuperSix EVO 5 Compact Bike featuring the FSA Gossamer Pro 52/36 (to the extent sold in the U.S. since April 2018), Cannondale Topstone 1 Alloy and Topstone 2 bicycles featuring the FSA Omega AGX+ allow 46/30T crankset, and the Shimano Dura-Ace 9000 11-Speed Outer Chainring.





12.    REI sells, offers for sale, makes, imports, uses, and/or distributes bicycle chainrings, including the products named above, that meet each and every limitation of the asserted claims of U.S. Patent Nos. 8,506,436, 10,677,338, and 11,460,099.

13.    absoluteBlack chainrings, for example, feature an inner edge that fully circumscribes an opening and an axis of rotation:





14.    absoluteBlack chainrings have an inner surface (the flat, machined face shown below) extending between the inner edge and an outer edge where a plurality of chain ring teeth emanate.



15.    absoluteBlack chainrings feature a plurality of ramps located at various locations

about the inner surface.








16.    At least one of the plurality of ramps of the accused absoluteBlack chainrings has a lifting surface configured to concurrently engage at least one link of a bicycle chain at two or more distinct pivot points along the length of the chain link on a substantially linear portion of the lifting surface to initiate a stable lift of the bicycle chain without assistance from any of the plurality of chain ring teeth.  The lifting surface is shown in the close-up photos below and is designed to provide engagement with the chain in at least two distinct pivot points concurrently.  In normal operation, this initiates a stable lift of the chain without assistance from the pickup tooth or any chainring teeth.



17.     REI's FSA Omega MegaExo Crankset features an inner edge that fully circumscribes an opening and an axis of rotation and an inner surface extending between the inner edge and an outer edge where a plurality of chain ring teeth emanate



 

18.    FSA accused chainrings feature a plurality of ramps located at various locations about the inner surface.  In the picture below, the ramps are circled in red.



19.     At least one of the plurality of ramps of the accused FSA chainrings has a lifting surface configured to concurrently engage at least one link of a bicycle chain at two or more distinct pivot points along the length of the chain link on a substantially linear portion of the lifting surface to initiate a stable lift of the bicycle chain without assistance from any of the plurality of chain ring teeth.  The lifting surface is shown in the close-up photos below and is designed to provide engagement with the chain in at least two distinct pivot points concurrently.  In normal operation, this initiates a stable lift of the chain without assistance from the pickup tooth or any chainring teeth.

 

 

20. In normal operation, when upshifting from a smaller chainring, the derailleur moves the chain over to the inner surface of the larger rotating chainring, and the configuration of the ramps causes engagement of the ramp with at least one link of the bicycle chain at two or more distinct pivot points and lifts the chain toward the outer edge of the larger chainring, and the lifting is not assisted by (and precedes) engagement from any of the chainring teeth.



21. REI's Shimano Dura-Ace chainring meets each and every limitation of certain claims of the asserted patents.



22.     The REI Shimano accused chainrings each have an inner surface (machined face shown below) featuring a plurality of ramps.






23.     Each ramp has a ramp face on the inner surface of the chainring for receiving a link of an outside surface of a chain during an upshift.



24.     The REI Shimano accused chainrings have a first and second tooth of the plurality of teeth adjacent to the ramp face, the first tooth positioned before the second tooth relative to the direction of forward rotation of the bicycle chain ring, such that the ramp face is positioned a first distance from the first tooth and a second distance from the second tooth, and the first distance is greater than the second distance.



25.     The ramp faces of the REI Shimano accused chainrings are configured for receiving one or more outer links of a bicycle chain during an up-shift and the width of the ramp face extends a distance greater than a length of a single link of a bicycle chain, as measured by a distance between axes of adjacent chain rollers, and disposed at an acute angle to a tangent of an intersection point with the plurality of teeth so as to provide multiple lift points along the bicycle chain during an up-shift, the up-shift being the bicycle chain disengaging from a smaller adjacent chainring and engaging with the plurality of teeth of the bicycle chain ring.

   

26.     At least one of the plurality of ramps of the accused REI Shimano chainrings has a lifting surface configured to concurrently engage at least one link of a bicycle chain at two or more distinct pivot points along the length of the chain link on a substantially linear portion of the lifting surface to initiate a stable lift of the bicycle chain without assistance from any of the plurality of chain ring teeth.  The lifting surface is shown in the close-up photos below and is designed to provide engagement with the chain in at least two distinct pivot points concurrently.  In normal operation, this initiates a stable lift of the chain without assistance from the pickup tooth or any chainring teeth.

 

27.    REI makes certain Cannondale bicycles such as the Synapse 105 exemplified below that feature chainrings (e.g., the FSA Gossamer Alloy) that meet each and every limitation of certain claims of the asserted patents.



**COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 10,677,338**

28.    RampWerks incorporates the preceding paragraphs herein by reference.

29.    RampWerks, LLC is the owner, by assignment, of U.S. Patent No.10,677,338 titled "Bicycle Chain Rings."

30.    The '338 Patent is valid and enforceable and was duly issued by the United States Patent Office upon finding that it fully complied with Title 35 of the United States Code.

31.    REI has no consent or authorization to practice the '338 Patent.

32.    REI directly infringes one or more claims of the '338 Patent, including at least claim 1 under 35 U.S.C. § 271(a) by making, using, offering for sale, importing,

distributing, and/or selling the accused and substantially similar chainring products in the United States.

33.     At least as of the service of this Complaint, REI is on notice of the '338 Patent, the products that infringe the '338 Patent, and of how they infringe.

34.     RampWerks has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT 2 - INFRINGEMENT OF U.S. PATENT NO. 8,506,436

35.     RampWerks incorporates the preceding paragraphs herein by reference.

36.     RampWerks, LLC is the owner, by assignment, of U.S. Patent No. 8,506,436 titled "Bicycle Chain Rings with Ramps."

37.     The '436 Patent is valid and enforceable and was duly issued by the United States Patent Office upon finding that it fully complied with Title 35 of the United States Code.

38.     REI has no consent or authorization to practice the '436 Patent.

39.     REI directly infringes one or more claims of the '436 Patent, including at least claim 8 under 35 U.S.C. § 271(a) by making, using, offering for sale, importing, distributing, and/or selling the accused and substantially similar absoluteBlack, FSA, and Shimano chainring products and bicycles featuring them in the United States.

40.     At least as of the service of this Complaint, REI is on notice of the '436 Patent, the products that infringe the '436 Patent, and of how they infringe.

41.     RampWerks has been damaged as a result of Defendant's infringing conduct.

Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT 3 - INFRINGEMENT OF U.S. PATENT NO. 11,460,099

42.     RampWerks incorporates the preceding paragraphs herein by reference.

43.     RampWerks, LLC is the owner, by assignment, of U.S. Patent No. 11,460,099 titled "Bicycle Chain Rings."

44.     The '099 Patent is valid and enforceable and was duly issued by the United States Patent Office upon finding that it fully complied with Title 35 of the United States Code.

45.     REI has no consent or authorization to practice the '099 Patent.

46.     REI directly infringes one or more claims of the '099 Patent, including at least claim 1 under 35 U.S.C. § 271(a) by making, using, offering for sale, importing, distributing, and/or selling the accused and substantially similar absoluteBlack, FSA, and Shimano chainring products and bicycles featuring them in the United States.

47.     At least as of the service of this Complaint, REI is on notice of the '099 Patent, the products that infringe the '099 Patent, and of how they infringe.

48.     RampWerks has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff in an amount that adequately compensates it for Defendant's infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### SECTION 287 NOTICE

49.     RampWerks complied with 35 U.S.C. § 287 by marking its products.

**NOTICE OF REQUIREMENT OF LITIGATION HOLD**

50.     Defendant is hereby notified they are legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

51.     As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored.  These sources may also include

any personal electronic, digital, and storage devices of any and all of Defendant's agents, resellers, or employees if Defendant's electronically stored information resides there.

52.     Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses.  To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

RampWerks hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER

RampWerks prays for the following relief:

    i.      That REI be summoned to appear and answer;

    ii.     That the Court enter an order declaring that REI has infringed the '338, '436, and '099 Patents;

    iii.    That this is an exceptional case under 35 U.S.C. § 285;

    iv.     That the Court grant Plaintiff judgment against REI for all actual, consequential, special, punitive, exemplary, increased, and/or statutory damages pursuant to 35 U.S.C. § 284 including, if necessary, an accounting of all damages; pre- and post-judgment

interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action;

v.      That the Court enjoin REI from further acts of infringement; and

vi.     Such further relief to which REI may show itself justly entitled.

Filed: April 12, 2024

Respectfully submitted,

By:     _Cabrad Connor_

Cabrach J. Connor
State Bar No. 24036390
Email: cab@clands.com
**CONNOR LEE AND SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.646.2060 Telephone
888.387.1134 Facsimile
**ATTORNEYS FOR RAMPWERKS, LLC**